Ms. Gloria J. Saitta Records Supervisor Apopka Police Department 112 East 6th Street Apopka, Florida 32703
Dear Ms. Saitta:
As Records Supervisor for the Apopka Police Department, you have asked for my opinion on substantially the following question:
May a person applying for a position with a federal agency, such as the Army, Navy, or Postal Service, authorize the release of their own juvenile offense records to that agency by means of a written release?
In sum:
The subject of juvenile offense records compiled under Part II, Chapter 39, Florida Statutes, may authorize access to such records to others by means of a release.
Traditionally juvenile records have been considered confidential and have been treated differently from other records in the criminal justice system. With certain limited exceptions, section 39.045, Florida Statutes (1996), provides that information obtained under Part II, Chapter 39, Florida Statutes (1996), the "Juvenile Justice Reform Act of 1990,"[1] is confidential and may be disclosed only to the persons authorized to receive the information by the terms of the act or upon order of court.[2]
Thus, in the absence of a court order, only those individuals authorized under Part II of Chapter 39, Florida Statutes (1996), are entitled to receive confidential records involving juvenile offenders.[3]
Pursuant to section 39.039(1)(b), Florida Statutes (1996), a law enforcement agency may fingerprint and photograph a juvenile offender taken into custody upon probable cause that he or she has committed a violation of the law. These fingerprint records and photographs must be retained by the law enforcement agency in a separate file marked "Juvenile Confidential." However, the statute provides, in part, that:
[T]hese records shall not be available for public disclosure and inspection under s. 119.07(1), but shall be available to other law enforcement agencies, criminal justice agencies, state attorneys, the courts, the child, the parents or legal custodians of the child, their attorneys, and any other person authorized by the court to have access to such records. (e.s.)
Section 39.045, Florida Statutes (1996), provides generally for the collection and maintenance of records of juvenile offenders under Part II of Chapter 39, Florida Statutes. Section 39.045(4), Florida Statutes, states, in part, that:
The clerk shall keep all official records required by this section separate from other records of the circuit court. . . . [O]fficial records required by this part are not open to inspection by the public, but may be inspected only upon order of the court by persons deemed by the court to have a proper interest therein, except that a child and the parents, guardians, or legal custodians of the child and their attorneys, law enforcement agencies, the Department of Juvenile Justice and its designees, the Parole Commission, and the Department of Corrections shall always have the right to inspect and copy any official record pertaining to the child. (e.s.)
Thus, official records maintained by the clerk of court that relate to juvenile offenders may always be inspected and copied by the subject of those records despite the otherwise confidential nature of such records.
In addition, section 39.045(5), Florida Statutes (1996), provides that "all information obtained under this part in the discharge of official duty by . . . any law enforcement agent . . . is confidential and may be disclosed only to . . . others entitled under this part to receive that information[.]"[4] The subject of such information would appear to be one of those entitled to receive such information with certain statutory exceptions.[5]
Clearly these statutes recognize that the subject of confidential juvenile records, and the parents or guardians of that person, always have the right to inspect and copy these records.
A "release" has been defined as the relinquishment, concession, or giving up of a right, claim, or privilege, by the person in whom it exists or to whom it accrues, to the person against whom it might have been demanded or enforced.[6] A release is an agreement providing that a duty owed to the maker of the release is discharged.[7]
Thus, in this case, the person to whom the duty is owed to produce the records for inspection and copying has transferred his or her right to these records to the holder of the release, that is, the holder of the release stands in the shoes of the person who is the subject of the records.
Therefore, in light of the right of a juvenile to inspect and copy his or her own juvenile offense records under Part II, Chapter 39, Florida Statutes (1996), it is my opinion that the subject of these records may authorize the release of such records to others by means of a written release.[8]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 39.0205, Fla. Stat. (1995), provides the title for the act.
[2] See, s. 39.045(5), Fla. Stat. (1996).
[3] See, Inf. Op. Att'y Gen. Fla. to Richard F. Wierzbicki, 4/7/92 (domestic violence center not among those authorized to receive juvenile information); and Inf. Op. Att'y Gen. Fla. to William Galbraith, 4/8/92 (city's risk manager and attorney representing city in unrelated lawsuit not among those authorized to have access to juvenile records). And see, Ops. Att'y Gen. Fla. 88-15 (1988), 75-100 (1975) and 70-113 (1970).
[4] Section 39.045(5), Fla. Stat. (1996), excepts from its scope those records referred to in subsections (3), (8), (9), and (10) thereof and s. 943.053. Both subsections (3) and (8) refer to certain records maintained by the Department of Juvenile Justice; subsection (9) removes the confidentiality of information relating to juveniles who have committed serious offenses; (10) authorizes the release of a juvenile offense report by a law enforcement agency to the victim of the offense; and s. 943.053 relates to the dissemination of criminal justice information by the Department of Law Enforcement.
[5] See, e.g., s. 119.07(3)(e), Fla. Stat., making information revealing undercover personnel of criminal justice agencies exempt from public disclosure; and s. 119.07(f), Fla. Stat., making criminal intelligence information or criminal investigative information including the photograph, name, address, or other fact or information revealing the identity of a victim of the crime of sexual battery, lewd, lascivious, or indecent assault upon a child, or child abuse exempt from disclosure.
[6] See generally, 76 C.J.S. Release s. 2 (1994); Black's Law Dictionary 1453 (rev. 4th ed. 1968).
[7] Id.
[8] Cf., Ops. Att'y Gen. Fla. 95-19 (1995) and 94-91 (1994) recognizing that law enforcement records of a juvenile felony arrest may be released to the public.